UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| KEVIN D. ROY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:09 CV 239 |
| | ) | |
| ROY DOMINGUEZ, Sheriff, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION and ORDER

The plaintiff, Kevin Roy, is a prisoner confined at the Lake County Jail. The defendants are jail officials. This matter is before the court on plaintiff's motion for default judgment and defendants' response.

On February 25, 2011, Roy filed a motion requesting that the court order defendants to return all legal materials taken from him during a search of his cell on December 21, 2010. Roy alleged that all of his legal documentation pertaining to his civil and criminal proceedings were removed during this search, and asked that the materials be returned to him. Defendants did not respond to Roy's motion and on March 14, 2011, the court granted the motion and ordered the Lake County Sheriff and the Lake County Jail Warden to return all legal materials taken from Roy's cell on or about December 21, 2011, to him by April 1, 2011.

On April 1, 2011, defendants filed a report in which they stated that the search of Roy's cell on December 21, 2010, was conducted by Gary Police Officers pursuant to a search warrant issued by the Gary City Court. Defendants stated that while jail officers

observed the search they did not participate in it and did not take possession of any of Roy's "legal papers, documents or any other items" (DE # 66 at 2). Defendants further stated that "[a]fter a diligent inquiry by the Sheriff's Attorney and Warden, the Lake County Jail and its employees are not in possession of any legal papers or documents seized from inmate Kevin D. Roy during, or since, the execution of the search warrant by the Gary Police Officers on or about December 21, 2011." (DE # 66 at 2.)

On April 19, 2011, Roy filed a motion for default judgment for failing to comply with a court order. Roy asserts that he believes a Gary Police Officer fabricated a search warrant and illegally searched his cell because unnamed jail officials tipped him off that Roy was planning to file a civil rights action against him. Roy does not contest defendants' statement that jail officials did not participate in the search, and are not in possession of any of the items removed from his cell. Defendants' response argues that Roy's contentions are impertinent, scandalous, unsupported, and false.

Defaults are disfavored, and the United States Court of Appeals for the Seventh Circuit has expressed a strong preference in favor of trial on the merits over entry of a default judgment. *Sun v. Bd. of Trustees for University of Illinois*, 473 F.3d 799, 811 (7th Cir. 2007). A "'default judgment, like a dismissal, is a harsh sanction which should usually be employed only in extreme situations.'" *C.K.S. Engineers, Inc. v. White Mountain Gypsum Co.,* 726 F.2d 1202, 1205 (7th Cir. 1984) (quoting *Ellingsworth v. Chrysler,* 665 F.2d 180, 185 (7th Cir. 1981) (citations omitted)).

Defendants' report filed April 1, 2011, establishes that defendants and the Lake County Jail officials did not initiate the search of Roy's cell, did not participate in the search, and are not in possession of any of the items taken from his cell during the search. Accordingly, they can not return Roy's property to him. Because defendants do not have Roy's property and cannot comply with the court's order of March 14, 2011, they are not in violation of that order, and there is no basis for the court to enter a default judgment against them.

For the foregoing reasons, the court **DISCHARGES** defendants from any obligation to take further action on the court's order to return to plaintiff legal materials taken from his cell during the search of his cell on December 21, 2010. The court **DENIES** plaintiff's motion for default judgment. (DE # 69.)

**SO ORDERED.**

Date: May 6, 2011

 s/ James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT